UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------
:
DARRYL SMITH,                    :           CASE NO. 1:18-CV-163
                                 :
    Plaintiff,                   :
                                 :
    v.                           :           OPINION & ORDER
                                 :           [Resolving Docs. 7, 20, 21, 24, 25, 26, 27,
CLIFFORD PINKNEY,                :            28, 33, 34, 35, 36, 37, 38, 39, 44, 45, 47
*et. al*                         :            50, 51, 53, 54]
                                 :
    Defendants.                  :
                                 :
------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Darryl Smith, *pro se*, brings a prisoner civil rights action under 42 U.S.C. § 1983 regarding prison conditions at Cuyahoga County Correctional Center ("Cuyahoga County jail").[1]

On February 23, 2018, Smith filed a motion for class certification.[2] Other Cuyahoga County jail inmates have also filed motions to join the proposed class.[3] Inmate Aaron Harmon, *pro se*, has moved to be assigned/designated as a co-class representative.[4]

For the following reasons, the Court **DENIES** Plaintiff's motion for class certification and **DENIES** Aaron Harmon's motion to assign/designate him as a co-representative of the class. The Court also **DENIES** the motions to join the class action filed by the other inmates.

## I. BACKGROUND

During his time at the Cuyahoga County jail, Plaintiff Smith alleges he suffered from felonious assaults and beatings, violation of his due process rights, denial of medical care, retaliation for filing grievances, and unsafe and unhealthy confinement conditions.[5]

The Court construes Plaintiff's filing as moving to certify the following class:

---

[1] Doc. 1.
[2] Doc. 7. Defendants oppose. Doc. 32.
[3] Docs. 20, 21, 24, 25, 26, 27, 28, 33, 34, 35, 36, 37, 38, 39, 44, 45, 50, 51, 53, 54.
[4] Doc. 47.
[5] Doc. 1 at 15-16.

> Pretrial detainees at the Cuyahoga County jail who have experienced, currently experience, and will experience dangerous overcrowding, assaults by other prisoners, severe and malicious beatings by Defendants and their guards, food deprivations, unsafe building conditions, denial of medical care, and other unlawful confinement conditions.[6]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 23(a), four prerequisites must be met before a class action can be certified:

> (1) Numerosity: "the class is so numerous that joinder of all members is impracticable;"
> (2) Commonality: "there are questions of law or fact common to the class;"
> (3) Typicality: "the claims or defenses of the representative parties are typical of the claims or defenses of the class;" and
> (4) An Adequate Class Representative: "the representative parties will fairly and adequately protect the interests of the class."

Although federal courts are obligated to construe *pro se* filings liberally,[7] such principles are not without limits.[8] The plaintiff still bears the burden of showing that the class certification requirements have been met.[9]

## III. ANALYSIS

The Court finds that Plaintiff has failed to satisfy his burden.

First, "[t]o maintain a class action, the existence of the class must be pleaded and the limits of the class must be defined with some specificity."[10] Plaintiff has not met this requirement. Plaintiff has defined a broad class, to include past, present, and future detainees who have experienced unsafe and unlawful confinement conditions at Cuyahoga County jail. Such a broad class definition will make it hard for the Court to define the class in some objective manner.[11]

---

[6] Doc. 7. Defendants oppose. Doc. 32.
[7] *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).
[8] *Young Bok Song v. Gipson*, 423 Fed. App'x. 506, 509-10 (6th Cir. 2011).
[9] *Golden v. City of Columbus*, 404 F.3d 950, 965 (6th Cir. 2005).
[10] *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (quotations and citations omitted).
[11] *See Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537-38 (6th Cir. 2012) ("Before a court may certify a class pursuant to Rule 23, the class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class." (citations and quotations omitted)).

Second, Plaintiff Smith has not shown commonality. To demonstrate commonality, Plaintiff must show that the class members have suffered the same injury.[12] "Their claims must depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."[13]

Here, the damages suffered by individual pretrial detainees do not appear to be sufficiently similar. And Plaintiff puts forth no evidence suggesting otherwise. Rather, Plaintiff's allegations suggest that each of the individual class members will likely have different experiences with the jail conditions and the jail officials' alleged use of excess force. As a result, the resulting damages calculations will likely have individual issues that dwarf the possible common issues.

Third, Plaintiff Smith has not shown typicality. Typicality is met if the class members' claims are "fairly encompassed by the named plaintiffs' claims."[14] Plaintiff has not put forth any evidence, other than conclusory statements, showing that his claims are typical of the putative class members' claims.

Finally, Plaintiff Smith and inmate Aaron Harmons are not adequate class representatives. Rule 23(a)(4) does not permit *pro se* litigants to serve as class representatives.[15] Moreover, because Plaintiff Smith has left the Cuyahoga County jail, he is no longer in an adequate position to represent the interests of the pretrial detainees still housed at the jail.[16]

## IV. CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's motion for class certification. The Court also **DENIES** Aaron Harmon's motion to assign/designate him as a co-representative of the class.

---

[12] *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 349-50 (2011).
[13] *Id.* at 350.
[14] *Sprague v. Gen. Motors Corp.,* 133 F.3d 388, 399 (6th Cir.1998) (en banc) (citations and quotations omitted).
[15] *See Hammond v. O'Dea,* No. 91-5089, 932 F.2d 968, 1991 WL 78161, *2 (6th Cir. May 14, 1991) ("[P]ro se prisoners are not adequate representatives fairly able to represent the class.").
[16] *See, e.g., Hatcher v. Anderson,* No. 2:17-CV-69-JRG-MCLC, 2017 WL 5202783, at *3 (E.D. Tenn. Nov. 9, 2017).

Case No. 1:18-CV-163
Gwin, J.

Because class certification is denied, the Court also **DENIES** the motions to join the class action filed by Kenneth Peete, Aaron Harmon, Tyrone West, Michael Tater, Jewan Kyle, Terrance D. Williams, Terrence L. Hardy, Ronald Saunders, Jammie Young, Anthony F. Molina, Earl Chicano Thornton, Edward Swindel III, Bernard J. Murrell, Jr., Brian Clipps, Christopher Forrest, Kurtis L. Fields, Ronald G. Banks, Willie D. Butler, Willie M. Moore, and Timothy Hill.

IT IS SO ORDERED.

Dated: May 9, 2018                         *s/      James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE