UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

:
DARRYL SMITH, *also known as* :
Darnell Smith, :
: CASE NO. 1:18-cv-163
Plaintiff, :
:
: OPINION & ORDER
vs. : [Resolving Docs. 29, 30, 46, 48, 60,
: 64, 65, 76, 77, 78, 79, 80, 82, 83,
CLIFFORD PINKNEY, *et al.*, : 84, 87, 88, 89, 93, 95, 96, 97, 98]
:
Defendants. :
:
:

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Darryl Smith (aka Darnell Smith), a *pro se* Cuyahoga County Jail inmate, brings constitutional claims under 42 U.S.C. § 1983 against the Cuyahoga County Sheriff, two Cuyahoga County police officers, and the Cuyahoga County Jail Warden (together, "County Defendants").[1]

After moving unopposed for judgment on the pleadings, Defendants moved for summary judgment on July 23, 2018.[2] Smith does not oppose this motion.

Smith has repeatedly moved for relief, discovery, and sanctions relating to his claim that County Defendants and others are denying him access to his legal mail.[3] Defendants oppose these motions.[4]

Defendants move the Court to reconsider its order granting Smith *in forma pauperis* status.[5] They also ask the Court to declare Smith a vexatious litigator and impose pre-filing restrictions.[6] Again, Smith does not oppose.

For the following reasons, the Court **DENIES** Plaintiff Smith's motions and **GRANTS** County

---
[1] Doc. 1; Doc. 41.
[2] Doc. 80.
[3] Docs. 48, 88, 89, 93, 96, 97, 98.
[4] Doc. 91, 95, 99.
[5] Doc. 76.
[6] Doc. 95.

Case No. 1:18-cv-163
Gwin, J.

Defendants' motions.

## Legal Analysis

### A. The Court Grants County Defendants' Motion for Summary Judgment.

Under Federal Rule of Civil Procedure 56, "[s]ummary judgment is proper when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[7] A court views the facts and all reasonable factual inferences in favor of the non-moving party.[8]

If a motion for summary judgment goes unopposed, a reviewing court is not required to "conduct its own probing investigation of the record," and may properly rely on the facts provided by the moving party.[9] It need only "intelligently and carefully review the legitimacy of such an unresponded-to motion" to determine whether the movant has met his or her initial burden.[10]

County Defendants move for summary judgment on all of Plaintiff Smith's claims.[11] As for Count 1, they argue that *Heck v. Humphrey*, 512 U.S. 477 (1994), and collateral estoppel and res judicata principles bar Smith's Fourth Amendment §1983 excessive force claim against Defendant officers arising from Smith's arrest, given that Smith pled guilty to failure to comply with a police officer and resisting arrest.[12] They also argue that qualified immunity bars this claim.

As for Count 2, Defendants argue that *Heck*, collateral estoppel, and res judicata bar Smith's Fourteenth Amendment Due Process § 1983 claim concerning speedy trial issues, given that the state court proceedings led to the convictions for failure to comply with a police officer and resisting arrest, as well as Smith's drug-related guilty plea.[13]

---

[7] *Killion v. KeHE Distribs., LLC,* 761 F.3d 574, 580 (6th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).
[8] *Id.*
[9] *Guarino v. Brookfield Tp. Trustees,* 980 F.2d 399, 405 (6th Cir. 1992).
[10] *Id.* at 407.
[11] Doc. 80.
[12] *See* Doc. 76-6; *State of Ohio v. Smith*, No. CR-17-620439-A (Smith's guilty plea to charges of failure to comply with a police officer's order, resisting arrest, and drug possession).
[13] *See id.*

As for Count 3, Defendants argue that Smith's § 1983 Eighth Amendment torture and denial of medical treatment claims fail because they are asserted against persons not party to the litigation.

As for Count 4, Defendants argue that Smith has not exhausted the intra-prison grievance procedures for his § 1983 First Amendment retaliation claim, as required by the Prison Litigation Reform Act.

As for Count 5, Defendants argue that Smith's § 1983 Fourteenth Amendment conditions-of-confinement *Monell* claim fails as a matter of law because Smith does not identify a Cuyahoga County custom or policy that caused the constitutional violation, and because the conditions that Smith identifies are not extreme deprivations. They further argue that Smith has provided no evidence to show that prison officials were deliberately indifferent to any complained-of conditions.

The Court finds that Defendants show that there is no genuine dispute as to a material fact entitling it to judgment as to Counts 1, 2, 3, and 5. Moreover, Plaintiff has not opposed the summary judgment motion, and therefore has not shown that there are triable issues.

Because Smith has not shown that he has exhausted the intra-prison grievance procedure for his retaliation claim, the Court dismisses Court 4 without prejudice. If Smith brings this claim in a subsequent suit, it will be subject to the permanent injunction imposed below.

**B. The Court Denies Plaintiff Smith's Motions Relating to His Denial-of-Legal-Mail Claims.**

Plaintiff Smith claims that Defendants and others have denied him access to his legal mail. Smith has repeatedly renewed this claim to justify his failure to prosecute the case and to respond to dispositive motions. For the following reasons, the Court rejects his claims.

The Court finds Smith's claims about Defendants and others denying him access to his legal mail are too farfetched to be true. Moreover, even if the claims concerning the non-parties were true, the Court has no control over such conduct. Most importantly, if Plaintiff Smith did not receive Defendants' motion for summary judgment, he can blame no one but himself; he neglected to update his physical mailing address for almost a month.

First, Smith's claims that Defendants have intentionally denied him access to his legal mail are quite simply unbelievable. These claims began on May 2, 2018,[14] when Smith was still in jail. But the claims persisted even after Smith's two-month release from the jail, when Smith represented he would have Internet and otherwise be reachable by mail.[15]

Smith's story about why he has not received his mail has also changed during the course of the litigation. The dates when he claimed he did not receive Defendants' filings has varied.[16] At times, he blamed his half-way house, that was apparently run by "an illegally operated religious cult operated by Russian and Ukrainian organized crime sect" that forbid all "contact with the outside world," and his hospitalization for apparently planned treatments.[17]

Smith, however, has no excuse for failing to respond to Defendants' July 23, 2018 motion for summary judgment. If he did not receive a copy in the mail, that was his own fault.[18] Despite returning to Cuyahoga County Jail on July 1, 2018, Plaintiff did not update his address to reflect this change until July 26, 2018.[19] The Court gave him an extension to respond to Defendants' summary judgment motion,[20] and Smith still did not respond.[21]

---

[14] *See* Doc. 48 (moving to strike all of Defendants' April 2018 filings, right after Defendant had just filed three important motions).

[15] *See* Doc. 66 (giving notice of a new physical mailing address, e-mail address, and other contact information).

[16] *Compare* Doc. 81 at 2 (claiming that he has not received legal mail from defense counsel since May 14, 2018), *with* Doc. 90 (claiming that defense counsel has never served Smith at any point during the litigation).

[17] Doc. 84 at 1–2.

[18] *See Todie v. Corr. Corp. of Am.*, No. 4:16-CV-0743, 2017 WL 1065605, at *2 (N.D. Ohio Mar. 21, 2017) (explaining that, "[a]lthough *pro se* litigants are typically allowed more leeway than a person represented by counsel," they at the very least are expected to "keep on file a current address and respond in a timely fashion to dispositive motions" (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); Fed. R. Civ. P. 41(b))).

[19] Doc. 81. Smith gave no explanation for his delinquent address change notice. Yet at the same time, Smith requested copies of all documents from the lawsuit. Smith claimed that Defendant officers seized and destroyed all of them. *See id.* at 2. These conclusory accusations lacked any supporting evidence.

[20] Doc. 85.

[21] Instead, Smith did more of the same: he filed nine motions and other documents claiming that Defendants have not served him copies of their filings. *See* Docs. 88, 89, 90, 92, 93, 94, 96, 97, 98.
On August 29, 2018, the Clerk's Office also sent Smith a copy of the docket. Just like clockwork, Smith thereafter moved to compel Defendants to produce evidence of service of copies. Doc. 96. And he made no mention of the copy of the docket mailed to him.

Case No. 1:18-cv-163
Gwin, J.

The Court rejects Plaintiff's attempts to draw out this frivolous case any further. It therefore denies the Smith's motions for relief, discovery, and sanctions in connection with these claims.

### C. The Court Revokes Smith's *In Forma Pauperis* Status.

County Defendants move the Court for reconsideration of its earlier order granting Plaintiff Smith *in forma pauperis* status.[22]

Under the three-strikes provision of 28 U.S.C. § 1915(g), a court must deny a prisoner *in forma pauperis* status if the prisoner has on three or more occasions brought civil actions or appeals that were dismissed as frivolous, malicious, or failing to state a claim. Although the statute makes an exception for situations when the prisoner is "under imminent danger of serious physical injury,"[23] the prisoner's injury allegations must be sufficiently immediate and specific to qualify.[24]

The Court grants County Defendants' motion to reconsider its order granting Plaintiff *in forma pauperis* status.

Plaintiff Smith has brought at least sixteen lawsuits against government officials, including agency officials, prison personnel, and law enforcement, while incarcerated (see Appendix). He was initially permitted to proceed *in forma pauperis* in all but one, though his status was usually revoked by the end of the litigation. Nearly all of the cases were dismissed as frivolous, typically for want of prosecution.

Even taking Plaintiff's most fantastic claims in this lawsuit as true, they also do not qualify for the imminent danger exception.[25] The alleged August 2017 beatings appear to have been isolated,[26] and Smith's other allegations do not specifically claim an immediate danger of serious physical injury.

---

[22] Doc. 76.

[23] 28 U.S.C. § 1915(g).

[24] *Shephard v. Marbley*, 23 F. App'x 491, 492 (6th Cir. 2001) (explaining that prisoner's conclusory allegations that he received threats and mistreatment from other inmates and prison staff did not allege "any immediate or specific danger of serious physical injury").

[25] *See id.*

[26] Doc. 1 at 4–8.

Case No. 1:18-cv-163
Gwin, J.

The Court revokes Plaintiff Smith's *in forma pauperis* status for the present litigation. Smith is also precluded from pursuing any future civil action or appeal *in forma pauperis* unless he is "under imminent danger of serious physical injury."

**D. The Court Declares Smith To Be a Vexatious Litigator.**

County Defendants move to declare Smith a vexatious litigator and to impose pre-filing restrictions.[27]

To curb repetitive or vexatious litigation from a particular litigant, courts are authorized to enjoin a litigator's conduct by imposing pre-filing restrictions.[28] Although the restrictions cannot absolutely bar the vexatious litigator's access to the courts,[29] courts may place "limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category."[30]

The Court grants County Defendants' motion to declare Smith a vexatious litigator.

County Defendants show a clear pattern of Smith bringing frivolous suits against government officials, including agency officials, prison personnel, and law enforcement, when he is incarcerated.[31] Smith has brought at least sixteen of these cases in federal court (see Appendix).

Smith also filed two lawsuits in Cuyahoga County court during his 2015 incarceration.[32] He filed one against the Cleveland Municipal Court Judge who had just decided his criminal case.

Smith's lawsuits seem motivated to harass these government officials. The Sixth Circuit, for example, has even sanctioned Smith for his "repeated filings and ... highly scurrilous and libelous

---

[27] Doc. 95.
[28] *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation.").
[29] *Ortman v. Thomas,* 99 F.3d 807, 811 (6th Cir.1996).
[30] *Feathers*, 141 F.3d at 269.
[31] *See* Doc. 95 at 2–4; Doc. 76 at 4–8.
[32] *Smith v. Cassidy*, No. CV-15-853812 (Cuyahoga County); *Smith v. Davis*, No. CV-15-852667 (Cuyahoga County).

accusations and improper sexual remarks," and found his overall litigating conduct to be "inappropriate and even reprehensible."[33]

Smith's litigation also burdens Ohio taxpayers. As the County Defendants note, the legal defense efforts have "easily cost Ohio taxpayers in the six figures."[34] This is not to mention the costs to the courts, which have also been significant. The Court has a responsibility to prevent litigants from overwhelming judicial resources that are also needed by others.[35]

Plaintiff Smith's conduct in the present litigation has been no different. Despite his repeated suits, he shows no interest in litigating the merits of his claims. Instead of responding to Defendants' multiple dispositive motions, he has filed about thirty motions or other notices of his own. Most of them are duplicative, frivolous, or harassing.

For these reasons, the Court declares Smith to be a vexatious litigator, and places restrictions on his conduct in similar frivolous suits in the future.

### E. The Court Imposes Pre-Filing Restrictions on Vexatious Litigator Darryl Smith.

It is hereby ORDERED that Darryl Smith (aka Darnell Smith) is permanently enjoined as follows:

1. This injunction applies to Smith only when he brings claims in a *pro se* capacity. Further, it applies only to claims brought in federal court against a federal, state, or local government or its officials, including but not limited to agency officials, prison personnel, and law enforcement, and to any filings made in the course of any such proceedings.

2. Smith is prohibited from bringing these types of claims in federal court without first obtaining leave of this Court. A request for leave shall be filed with the Clerk of Courts for the United States District Court for the Northern District of Ohio ("Clerk of Court").

---

[33] *Smith v. Lockman*, 78 F.3d 585, 1996 WL 99365, at *1–2 (6th Cir. 1996) (unpublished table decision).
[34] Doc. 95 at 3.
[35] *See Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc) (per curiam) (citing *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir.1984)) (explaining that federal courts have the authority and responsibility to protect themselves against "conduct which impairs their ability to carry out Article III functions").

>   The request must demonstrate that the claims are not an abuse of process and that there are reasonable grounds for the claims.  Smith also must serve the request on any defendant or party that would be adversely affected by the proposed action.  These defendants or parties will have an opportunity to respond before this Court determines whether to grant leave.

3. In any proceeding that is permitted to go forward, Smith is prohibited from filing any motion, document, or other notice without first obtaining leave of this Court.  A request for leave shall be filed with the Clerk of Court.  The Clerk of Court shall reject any filings that are procedurally improper, repetitive, or harassing.

4. No appeal by Smith shall lie from a decision of this Court that denies him leave to take the above actions.

5. Whenever it appears that Smith has instituted proceedings without obtaining leave to proceed from this Court, the court where the legal proceedings are pending shall dismiss the proceedings.

6. This Order shall remain in force indefinitely unless and until modified by this Court.

## Conclusion

The Court **GRANTS** Defendants' motion for summary judgment as to Counts 1, 2, 3, and 5, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim in Count 4.

The Court **DENIES** Plaintiff's motions concerning his claims that he is not receiving legal mail (Docs. 48, 88, 89, 93, 96, 97, 98).

The Court **GRANTS** Defendant's motion for reconsideration of the order granting Plaintiff *in forma pauperis* status, and **GRANTS** Defendant's motion to declare Darryl Smith, aka Darnell Smith, a vexatious litigator and to impose pre-filing restrictions.

The Clerk of Court is hereby **ORDERED** to reject any future requests from Smith to proceed *in forma pauperis* under 28 U.S.C. § 1915(g) unless Smith is "under imminent danger of serious

Case No. 1:18-cv-163
Gwin, J.

physical injury." Further, the Clerk of Court is **ORDERED** to implement the permanent injunction as described in Section E of this Order.

The remaining motions (Docs. 29, 30, 46, 60, 64, 65, 76, 77, 78, 79, 82, 83, 84, 87) are **DISMISSED AS MOOT**.

The Court certifies, under to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: October 3, 2018                  *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

## Appendix

1. *Hackett v. Baker*, No. 2:89-cv-00528-JLG-MRA (S.D. Ohio, filed June 19, 1989).
2. *Behner v. Wilson*, No. 2:89-cv-00575-JDH-NMK (S.D. Ohio, filed June 30, 1989).
3. *Smith v. Baker*, No. 2:90-cv-00411-JLG-MRA (S.D. Ohio, filed June 5, 1990).
4. *Smith v. Capots*, No. 2:92-cv-00158-NMK (S.D. Ohio, filed Feb. 21, 1992).
5. *Smith v. Wilkinson*, No. 2:92-cv-00420-JDH-TPK (S.D. Ohio, filed May 14, 1992).
6. *Smith v. Zent*, No. 2:92-cv-00575-GCS-MRA (S.D. Ohio, filed July 1, 1992).
7. *Smith v. Lockman*, No. 2:92-cv-00631-JDH-TPK (S.D. Ohio, filed July 22, 1992).
8. *Smith v. Brigano*, No. 1:94-cv-00541-SAS-JS (S.D. Ohio, filed Aug. 8, 1994).
9. *Smith v. Mancini*, No. 2:94-cv-00749-JLG-TPK (S.D. Ohio, filed Aug. 10, 1994).
10. *Smith v. Wilkinson*, No. 1:94-cv-00775-SAS-JS (S.D. Ohio, filed Nov. 15, 1994).
11. *Smith v. Ghee*, No. 2:95-cv-01069-JDH-MRA (S.D. Ohio, filed Oct. 31, 1995).
12. *Smith v. Ghee*, No. 1:96-cv-00135-SJD-TSH (S.D. Ohio, filed Feb. 12, 1996).
13. *Smith v. Voinovich*, No. 1:96-cv-01005-SSB-TSH (S.D. Ohio, filed Oct. 18, 1996).
14. *Smith v. Russell*, No. 1:97-cv-00032-SJD-JS (S.D. Ohio, filed Jan. 15, 1997).
15. *Smith v. Leonard*, No. 3:97-cv-07482-DAK (N.D. Ohio, filed June 23, 1997).
16. *Smith v. Wilkinson*, No. 1:01-cv-00237-HJW (S.D. Ohio, filed Apr. 24, 2001) (denying Smith's motion to proceed *in forma pauperis*).