UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| DARRYL SMITH, | : | CASE NO. 1:18-cv-00163 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 127] |
| v. | : | |
| | : | |
| CLIFFORD PINKNEY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Darryl Smith, an Ohio inmate, moves to for the Court's leave to file a federal civil-rights lawsuit. Because Smith failed to show that he exhausted prison-grievance remedies, the Court **DENIES** Smith's motion.

In 2018, this Court declared Smith a vexatious litigator and permanently enjoined Smith from filing any lawsuit against government employees without the Court's leave.[1] The Court found that while incarcerated, Smith exhibited a "clear pattern" of bringing frivolous lawsuits to harass government employees.[2] Smith's filings included "highly scurrilous and libelous accusations," for which the Sixth Circuit sanctioned Smith. Smith filed at least 16 similar suits in federal court.[3]

Although the Court's injunction does not absolutely bar all future Smith lawsuits, the injunction does impose several prefiling restrictions. Under the injunction, Smith must show that any proposed new claim is not an abuse of process and that reasonable grounds

---

[1] Doc. 100 at 6–8 (PageID 581–83).
[2] *Id.* at 6 (PageID 581).
[3] *See id* at 6, 9 (PageID 581, 584).

Case No. 1:18-cv-00163
GWIN, J.

for the claim exist.[4]  Smith must also serve the motion for leave on parties that would be adversely affected by the proposed action.[5]

On April 27, 2022, Smith filed a motion for leave to file a new § 1983 action against prison officials.[6]  Smith proposed two claims.  First, Smith alleged that prison officials failed to stop another inmate from attacking Smith.  Second, Smith alleged that prison officials confiscated legal documents from Smith's cell.

On May 12, 2022, the Court ordered Smith to serve the motion for leave on any proposed defendants.[7]  Smith never filed any response to the Court's order.  So, on August 4, 2022, the Court denied Smith's motion.[8]

Now, 250 days after the Court's August 4 order, Smith again asks for leave to file the same proposed lawsuit.  Smith offers for the first time an exhibit purporting to show that Smith mailed the April 27 motion for leave to the proposed defendants.[9]

But Smith must also show that any claim is not an abuse of process.  Because Smith gives no evidence that he exhausted any available administrative remedies, he cannot file the proposed suit.

Under the Prison Litigation Reform Act, "inmates complaining about prison conditions [must] exhaust prison grievance remedies before initiating a lawsuit."[10]  "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims

---

[4] *Id.* at 7–8 (PageID 582–83).
[5] *Id.* at 8 (PageID 583).
[6] Doc. 122.
[7] Doc. 123.
[8] Doc. 125.
[9] *See* Doc. 127-4.  Smith gives no excuse for failing to provide this form before now.
[10] Jones v. Bock, 549 U.S. 199, 204 (2007); *see also* Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-71.

Case No. 1:18-cv-00163
GWIN, J.

cannot be brought in court."[11]  Statutory exhaustion requirements generally ensure "an orderly system for reviewing [complaints], not one that incentivizes line jumping."[12]

Although defendants must typically raise a plaintiff's failure to exhaust as an affirmative defense,[13] the injunction's abuse-of-process requirement shifts the exhaustion-showing burden to Smith.  To show that he is not abusing the judicial process to skip prison-grievance remedies, Smith must give credible proof that he has exhausted all available prison remedies.

Here, Smith makes no exhaustion showing.  True, Smith's April 27 filing included two grievances from 2021.  But both grievances predated and were unrelated to any alleged inmate attack or missing legal materials.[14]

In lieu of giving any relevant prison-grievance records, Smith broadly asserts that he "file[d] and exhaust[ed] over a dozen detailed grievances … ."[15]  But the Court cannot rely solely on Smith's statements.  Smith has previously fabricated fantastic reasons for failing to follow procedure.[16]  So, the Court requires something more than Smith's assurances that he has exhausted prison-grievance remedies before permitting any new claims.

For example, Smith could show exhaustion by attaching relevant administrative procedure filings and attaching the decision resolving the grievances.

---

[11] *Jones*, 549 U.S. at 211.
[12] *See* United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020) (discussing exhaustion in the compassionate-release context).
[13] *See id.*
[14] *See* Doc. 122-5 at 4–5 (PageID 840–41).  Both grievances claim that the prison mishandled Smith's legal mail sometime in late 2018.
[15] Doc. 122 at 10 (PageID 822).
[16] At one point, Smith even blamed his failure to respond to court filings on "an illegally operated religious cult operated by Russian and Ukrainian organized crime sect[s]."  Doc. 100 at 4 (PageID 579).

Case No. 1:18-cv-00163
GWIN, J.

Because Smith fails to show that the proposed action would not be an abuse of process, the Court does not now address whether reasonable grounds support the proposed claims.

Accordingly, the Court **DENIES** Smith's motion for leave to file a complaint.

IT IS SO ORDERED.

Dated: April 13, 2023                    *s/     James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE